IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICAH NEAL                                                                                              PLAINTIFF

v.                                      Case No. 4:21-cv-4068

JEFFIE WALKER;
GOLDEN ADAMS;
LT. ALICE MILLER;
SGT. RICHARD HENDERSON;
K. WATSON, et al.                                                                              DEFENDANTS

**ORDER**

Before the Court are two Report and Recommendations filed on February 1, 2023, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF Nos. 68, 69. No party has filed objections, and the time for doing so has passed. *See* 28 U.S.C. § 636(b)(1). Thus, the matters are ripe for consideration.

**I. BACKGROUND**

On August 2, 2021, Plaintiff Micah Neal was booked into the Miller County Detention Center (MCDC) in Texarkana, Arkansas. In the MCDC's intake notes, the following was documented: "REQUESTED SEPERATION [sic]/PC DUE TO BROTHER BEING A SGT ON THE TEXAS SIDE AND BEING AN INFORMANT FOR THE ARKANSAS SIDE." ECF No. 57-2, at 4. Plaintiff now argues that he never requested protective custody.

During his time as a pretrial detainee, Plaintiff moved between protective custody and a general population unit several times, though his September 1, 2021 move from the general population unit to the protective custody unit forms the basis of the instant action. After being told not to request a bottom bunk while housed in the general population unit—a general population

unit reserved for older inmates or those with physical disabilities—Plaintiff was returned to protective custody. Once back in protective custody, Plaintiff began filing grievances, expressing his dissatisfaction with his protective custody placement. *See, e.g.*, ECF No. 57, at 4. Included in the record are four grievances filed by Plaintiff. ECF No. 57-3. In those grievances, Plaintiff primarily alleged that his inability to use the "video kiosk" while being housed in protective custody was "an unconstitutional punishment and a violation use this [sic] as a punishment according to the due process clause of the 4th Amendment" and that he was punished in violation of the Fourth and Fourteenth Amendments when he was reassigned to protective custody after "making a joke about moving bunks." ECF No. 57-3.

On October 14, 2021, Plaintiff filed the instant action against Defendants Warden Jeffie Walker, Captain Golden Adams, Lieutenant Alice Miller, Sergeant Richard Henderson, and Officer K. Watson (the County Defendants) and Defendant Nurse Steve King.[1] ECF No. 1. Plaintiff brings five claims: (**Claim 1**) an "unconstitutional punishment and deprivation of privilege" claim against Defendants Walker, Henderson, Weaver, Adams, King, and Watson in their official and individual capacities; (**Claim 2**) a Fourth and Fourteenth Amendment due process claim against Defendants Watson, Henderson, Adams, Walker, and Weaver in their individual capacities; (**Claim 3**) a First Amendment claim against Defendants Adams and King in their individual capacities; (**Claim 4**) a Fourteenth Amendment equal protection claim against Walker, Adams, and King in their individual capacities; and (**Claim 5**) an Eighth Amendment "failure to discipline" claim against Defendants Walker, Adams, and King in their individual capacities.[2]

---

[1] As noted in the docket and in Judge Bryant's report and recommendation, Plaintiff originally named Defendant Alice Miller as Defendant Alice Weaver, Defendant Sergeant Richard Henderson as Robert Henderson, and Defendant Officer K. Watson as Kathy Watson.

[2] The Court notes that although Plaintiff names Henderson as a Defendant in the caption of his complaint and mentions him briefly in the factual description of Claim 1, Plaintiff did not name Henderson as a defendant in the section of the form complaint reading "Name of Each Defendant Involved" for any of his five claims. ECF No. 1. Both the parties and Judge Bryant treat Plaintiff's complaint as naming Henderson as a defendant in Claims 1 and 2, and it is reversable

All defendants have answered Plaintiff's complaint. ECF Nos. 16, 17. Defendants now seek summary judgment. ECF Nos. 55, 59.

In support of their motion for summary judgment, the County Defendants argue that Defendants Walker, Miller, Watson, and Henderson were not personally involved in any decision relating to where Plaintiff was housed or with the grievance process. They also argue that they did not retaliate against Plaintiff for his alleged exercise of free speech and did not deny Plaintiff due process. Further, insofar as Plaintiff sues the County Defendants in their individual capacities, the County Defendants argue that they are entitled to qualified immunity. Insofar as Plaintiff sues the County Defendants in their official capacities, the County Defendants argue that because Plaintiff does not cite to any MCDC policy that is unconstitutional, there is no basis for a finding of municipal liability. ECF Nos. 55, 56.

In support of Defendant King's separate motion for summary judgment, he argues that Plaintiff did not suffer a constitutional violation. Alternatively, Defendant King argues that he did not have authority to assign (or reassign) Plaintiff to a particular housing unit. Insofar as Plaintiff sues Defendant King in his official capacity, Defendant King maintains that he is an employee of Southern Health Partners (not Miller County) and because Plaintiff has not alleged that any policy or custom of Southern Health Partners was unconstitutional, Defendant King cannot be held liable in his official capacity. ECF Nos. 59, 60.

Judge Bryant recommends granting in part and denying in part the County Defendants' motion for summary judgment. ECF No. 68. Specifically, he recommends dismissing all claims against Defendants Walker and Miller with prejudice, dismissing Claim 3 with prejudice,

---

error for the Court to grant summary judgment on an issue not raised or discussed by the parties. *Heisler v. Metro. Council*, 339 F.3d 622, 631 (8th Cir. 2003). Thus, the Court treats Plaintiff's complaint as bringing Claims 1 and 2 against Defendant Henderson.

dismissing all official capacity claims with prejudice, and dismissing Claim 5 with prejudice. Judge Bryant recommends otherwise denying the County Defendants' motion, explaining that doing so would "leave[] (1) Plaintiff's Claims One and Two, violation of due process, against Defendants Captain Golden Adams, Sgt. Richard Henderson and Ofc. K. Watson; and (2) Plaintiff's Claim Four against Defendant Captain Golden Adams to proceed for trial." ECF No. 68, at 25. Judge Bryant further recommends granting Defendant King's separate motion for summary judgment, dismissing Plaintiff's claims against Defendant King with prejudice. ECF No. 69.

## II. DISCUSSION

"The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition." *Bramlett v. Wellpath, LLC*, No. 6:19-cv-6070, 2020 WL 4748049, at *1 (W.D. Ark. Aug. 17, 2020). After reviewing a magistrate judge's report and recommendation under the appropriate standard of review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). If the prisoner "files timely and specific objections" to the magistrate's report and recommendation, then "the district court makes 'a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.'" *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citation omitted). "In the absence of an objection, the district court is not required 'to give any more consideration to the magistrate's report than the court considers appropriate.'" *Nunley v. Erdmann*, No. 14-4016-

4

MWB, 2014 WL 7345780, at *1 (N.D. Iowa Dec. 23, 3014) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). "[T]he Eighth Circuit Court of Appeals has indicated that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a 'clearly erroneous' standard of review." *Id.* The Supreme Court, although in a context different from a district court's review of a report and recommendation, "has stated the 'foremost' principle under this standard of review 'is that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."'" *United States v. Simmermaker*, 423 F. Supp. 3d 626, 631 (N.D. Iowa Nov. 15, 2019) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985)).

Here, no objections were made, and thus, the Court reviews Judge Bryant's recommendations under the clearly erroneous standard. Upon careful review, the Court finds that Judge Bryant did not clearly err and adopts his recommendations *in toto*. However, the Court elaborates upon Judge Bryant's recommendations as to Plaintiff's first, second, and fourth claims.

In his analysis of Claims 1 and 2, Judge Bryant first stated: "Plaintiff argues in both Claim One and Two that he was improperly punished and his due process rights violated." ECF No. 68, at 16 n.5. Judge Bryant then concluded that he would "analyze these claims together." ECF No. 68, at 16 n.5. A review of Plaintiff's complaint shows that, in Claim 1, Plaintiff alleges that he "was given no disciplinary hearing, denied due process, and locked down in a 23/1 lockdown, placed on PC by Srgt. Henderson" and "filed numerous request and grievances and still denined [sic] being returned to West D pod with PC inmates housed with other general population inmates." ECF No. 1, at 6. Alternatively, in Claim 2, Plaintiff alleges that he "was/am being punished without any disciplinary hearing and have had my right of procedural due process violated per the

5

actions and disregard of my 14th Amendment Due Process Clause." ECF No. 1, at 7-8. Despite acknowledging that Claims 1 and 2 were almost identical, Judge Bryant nevertheless stated that *both* claims should proceed, suggesting that they should be treated separately for purposes of appeal of the instant order or trial. However, because the factual basis and legal assertions made in both claims are identical, the Court finds that Claims 1 and 2 should be considered as a *single* claim. Thus, construing Plaintiff's complaint liberally, the Court views Plaintiff as alleging just one Fourteenth Amendment due process claim.[3]

> Turning to Judge Bryant's analysis of Claim 4, Judge Bryant stated only:
>
> Plaintiff claims Defendant Walker and Adams violated his Fourteenth Amendment rights, subjected him to cruel and unusual punishment, and denied his equal protection rights when they deprived him of access to a kiosk so that he could have video visitation with his family. (ECF No. 9). County Defendants did not move for summary judgment on this claim regarding Defendant Adams. (ECF Nos. 55, 56, 57). Accordingly, it should proceed.

ECF No. 68, at 23 (footnote omitted). The Court finds that the County Defendants' motion can be construed as moving for summary judgment on Claim 4, though the Court agrees with Judge Bryant insofar as he recommends finding that the County Defendants did not *meaningfully* move for summary judgment on that claim.

In their motion for summary judgment, the County Defendants at least acknowledge Plaintiff's fourth claim by incorporating text from Plaintiff's complaint, specifically from his claim labeled as "Claim 4." *See* ECF No. 55, at 3. The County Defendants then assert that they "are entitled to qualified immunity," which appears to encompass all claims in which they are named in their individual capacities (including Claim 4). *See* ECF No. 55, at 4.

---

[3]In what is listed as "Claim 2" in the complaint, Plaintiff states that he is bringing a Fourth Amendment Due Process Clause claim and a Fourteenth Amendment claim. However, because there is not a Fourth Amendment Due Process Clause, the Court construes the claim as a Fourteenth Amendment due process claim.

Still, the Court agrees with Judge Bryant that these brief mentions of Claim 4 are insufficient to warrant summary judgment in favor of the County Defendants as to that claim. Particularly persuasive is the fact that in the County Defendants' brief in support of their motion for summary judgment, they discuss (at length) First Amendment and due process law in relation to Plaintiff's other claims. However, the County Defendants omit any discussion of the Fourteenth Amendment's prohibition against cruel and unusual punishment or guarantee of equal protection, which is the basis of Claim 4. ECF No. 56. Ultimately, the Court agrees with Judge Bryant that Plaintiff's fourth claim should survive summary judgment, as the County Defendants certainly have not shown that they are entitled to judgment on Claim 4 as a matter of law. *See Manuele v. City of Springfield*, 718 F. Supp. 2d 939, 946 (C.D. Ill. June 10, 2010) ("Defendant's bare-bones, undeveloped argument does not sustain Defendant's initial burden of demonstrating that there is no genuine issue of material fact for trial with respect to the statute of limitations.").

### III. CONCLUSION

For the foregoing reasons and finding no clear error, the Court adopts the Report and Recommendations (ECF Nos. 68, 69) *in toto*. Accordingly,

1. All claims against Defendant Warden Jeffie Walker, Nurse Steve King, and Lieutenant Alice Miller[4] are hereby **DISMISSED WITH PREJUDICE**;

2. Claim 3 is hereby **DISMISSED WITH PREJUDICE**;

3. Plaintiff's claims, insofar as they are brought against Defendants in their official capacities, are hereby **DISMISSED WITH PREJUDICE**;

4. Claim 5 is hereby **DISMISSED WITH PREJUDICE**;

---

[4] As Judge Bryant notes, Plaintiff names "Alice Weaver," but the defendant's correct name is "Alice Miller." Thus, any claim alleged against "Alice Weaver" is dismissed, as the Court agrees with Judge Bryant that summary judgment is appropriate on Plaintiff's claims against Alice Miller. *See* ECF No. 68, at 8 n.4.

5. Claims 1 and 2, which the Court construes as a single claim, survives summary judgment, insofar as Plaintiff brings that claim against Defendants Captain Golden Adams, Sergeant Richard Henderson, and Officer K. Watson in their individual capacities; and

6. Claim 4, insofar as it is against Defendant Captain Golden Adams in his individual capacity, survives summary judgment.

**IT IS SO ORDERED**, this 14th day of March, 2023.

                /s/ Susan O. Hickey
                Susan O. Hickey
                Chief United States District Judge